NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, | |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 13-07582 (JLL) |
| DSE HEALTHCARE SOLUTIONS, LLC, | |
| Defendants. | |

**LINARES, U.S.D.J.:**

This matter comes before the Court upon motion by Plaintiff Harold M. Hoffman ("Plaintiff" or "Hoffman") to remand this action to the Superior Court of New Jersey, Bergen County for lack of subject matter jurisdiction. (Pl.'s Mot. to Remand, December 19, 2013, ECF No. 3). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following reasons, Plaintiff's motion to remand is **denied.**

I.   BACKGROUND

On November 14, 2013, Plaintiff filed a consumer fraud class action lawsuit against Defendant DSE Healthcare Solutions, LLC ("Defendant" or "DSE") in the Superior Court of New Jersey, Bergen County Law Division. (Compl.) Plaintiff is a citizen of New Jersey and resident of Bergen County. (Compl. 2 ¶ 1.) Plaintiff's Complaint alleges Defendant made "false and misrepresented claims of product efficacy" about a dietary supplement known as Lipo-Flavonoid Plus. (Compl. 1.) Plaintiff seeks reimbursement to class members for all monies paid

for purchase of Lipo-Flavanoid Plus as well as treble damages, interest, fees, costs, attorneys' fees and civil penalties for Defendant's alleged violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 et seq.. (Compl. ¶¶ 36-62.)  The proposed class consists of "all U.S. purchasers of Lipo-Flavanoid Plus for the four year period preceding the filing of this suit." (Compl. 2.)  The Complaint, however, expressly limits the overall "amount in controversy" to less than $5 million. (Compl. ¶ 29.)

On December 16, 2013, Defendant removed the lawsuit to this Court pursuant to the diversity jurisdiction conferred by the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). (ECF No. 1.)  According to Defendant, the Court has original jurisdiction over this action because (1) the suit is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (2) there is "minimal diversity"; and (3) the "aggregate value of the amount in controversy based on Plaintiff's allegations exceeds $5 million." (See Notice of Removal ¶ 12.)

Presently before the Court is Plaintiff's motion to remand the case to the Superior Court of New Jersey.  Specifically, Plaintiff argues that class certification is impossible because his dual role as class representative and class counsel is per se impermissible in the Third Circuit.  Without class certification, Plaintiff asserts that Defendant cannot establish that the amount in controversy exceeds $5 million, as required by CAFA.  Defendant responds that Plaintiff cannot unilaterally divest the Court of original jurisdiction simply because he represents himself.  Defendant asserts that the Complaint and Notice of Removal incontrovertibly demonstrate that Plaintiff alleges more than the minimum $5 million amount in controversy required under CAFA, thus rendering this action removable.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447(c), remand to state court is required where "it appears that the district court lacks subject matter jurisdiction."  Here, the Court exercises jurisdiction pursuant to CAFA, which vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse," and "the matter in controversy exceeds the sum or value of $5 million."  Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).  To "determine whether the matter in controversy" exceeds the $5 million jurisdictional threshold a district court must aggregate "the claims of individual class members." § 1332(d)(6).  In other words, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million."  Knowles, 133 S. Ct. at 1348.

When a class action complaint expressly disclaims the ability to recover the $5 million jurisdictional amount, the Third Circuit instructs that the burden is on defendant to prove "to a legal certainty that plaintiff can recover" that amount.  See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (citing Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)).  The concept of legal certainty is not well defined, but falls somewhere below "absolute certainty" and above "preponderance of the evidence."  See Stephenson v. Consol. Rail Corp., No. 13-721, 2013 U.S. Dist. LEXIS 57865, at *2 (D.N.J. Apr. 23, 2013) (quoting, *inter alia,* Nelson v. Keefer, 451 F.2d 289, 293 n.6 (3d Cir. 1971)).  A court examines both "the dollar figure offered by the plaintiff" and plaintiff's "actual legal claims" to determine whether "the amount in controversy exceeds the statutory threshold."  See Morgan, 471 F.3d at 474-75.

### III.     DISCUSSION

Plaintiff argues that his dual role as both class counsel and class representative prohibit class certification in federal court, resulting in the class' inability to recover the minimum CAFA jurisdictional requirement.  To support this argument, Plaintiff cites Third Circuit precedent where such dual status was held to create a conflict of interest.  See Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976) (dual service as class counsel and class representative make class treatment a legal impossibility); see also Wilson v. Lohman, No. 06-53, 2007 WL 2050256, *2 (D. Del. July 17, 2007) (long-standing general prohibition against even attorneys acting as both class representative and class counsel).  Defendant responds that Hoffman cannot unilaterally divest the district court of CAFA jurisdiction by asserting this "dual role."  To support this argument, Defendant points to the unanimous Supreme Court decision in Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1349 (2013).

In Knowles, the Supreme Court interpreted CAFA to hold that a named plaintiff cannot unilaterally circumvent CAFA by his own non-binding actions.  See id.  Specifically, the Supreme Court rejected a plaintiff's attempt to evade the scope of CAFA jurisdiction by stipulating that the class he sought to represent would not seek damages that exceed the $5 million jurisdictional threshold.  Id.  This Court agrees with Defendant that just as a class representative could not bind a class with a stipulation to limit the class' damages in order to avoid federal jurisdiction in Knowles, here, a class representative, such as Hoffman, cannot bind the class by unilaterally deciding to select himself as counsel.  See also Report & Recommendation on Motion for Remand, Hoffman v. Nordic Naturals, Inc., No. 12-05870 at *7 (DMC) (JAD) (D.N.J. Apr. 3, 2013) ("[T]he Court does not agree that a plaintiff – who pled allegations that would otherwise result in CAFA jurisdiction – may use its discretion as the

4

'master of [its] own claim' to avoid CAFA jurisdiction by raising at the jurisdictional stage considerations that may be determinative at the class certification stage.") (citing Knowles, 133 S. Ct. at 1345)).

The Court recognizes that its considerations at the jurisdictional stage and class certification stage are distinct. At this jurisdictional stage, the critical inquiry is the value of the claim asserted in the Complaint at the time it was filed, not whether the case can proceed with current counsel or whether the Complaint asserts a claim worthy of class certification. As Judge Chesler recently explained in an Opinion denying Hoffman's nearly identical motion to remand:

> It would thus run contrary to the plain language of the [CAFA] to only aggregate, as Plaintiff suggests, the claims of the members who might end up in the as-of-yet certified (or not certified) class, whatever that class may end up being (or not being)…Whatever may come out of a motion for class certification is another question for another day.

Hoffman v. Lumina Health Prods., No. 13-04936, 2013 U.S. Dist. LEXIS 152822, at *7-8 (D. N.J., Dec. 17, 2013). See also Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 397 (3d Cir. 2004) ("[T]he rule for determining whether the case involves the requisite amount [is] whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.") (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). At present, the primary issue is whether Defendant can show "to a legal certainty" that the individual claims of all proposed class members aggregate to more than $5 million. If Defendant satisfies this burden, remand is inappropriate.

The Court finds that Defendant has made the requisite showing. "Estimating the actual aggregate losses of the individuals in the proposed class is a 'relatively straightforward' process, where, as is the case here, Plaintiff brings suit requesting treble damages under the CFA." Lumina Health Prods., 2013 U.S. Dist. LEXIS 152822, at *9 (citing Hoffman v. Natural Factors Nutritional Prod., No. 12-7244, 2013 U.S. Dist. LEXIS 141020, at *6 (D.N.J. Sept. 30, 2013)).

5

Plaintiff proposes a class that "comprises all U.S. purchasers of Lipo-Flavonoid Plus for the four year period preceding" November 14, 2013, the date the suit was filed.  (Compl. ¶ 29.) Defendant submits a certification from William D. Everett, Jr., the Vice President of Finance of DSE, that in the four-year period covered by the Complaint, DSE's total nationwide sales of Lipo-Flavonoid Plus were over $9 million.  This evidence, coupled with Plaintiff's demand for treble damages is sufficient to prove "to a legal certainty" that the claims of the proposed class exceed $5 million in the aggregate.  See Frederico, 507 F.3d at 197.  Thus, this Court may properly exercise CAFA jurisdiction and Plaintiff's motion to remand is **denied.**

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this action to the Superior Court of New Jersey is **denied.**   An appropriate Order accompanies this Opinion.


Date: March 21, 2014

s/ Jose L. Lianres
Jose L. Linares, U.S.D.J.