<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DSE HEALTHCARE SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. 13-7582 (JLL)<br><br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant DSE Healthcare Solutions, LLC ("DSE" or "Defendant")'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [CM/ECF No. 16.] Defendant seeks to dismiss Plaintiff Harold M. Hoffman ("Plaintiff")'s Complaint. This Court has considered the submissions made in support of and in opposition to Defendant's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted.

## I.   BACKGROUND[1]

As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding DSE's motion.

Plaintiff Harold M. Hoffman, an attorney from Bergen County, New Jersey, commenced this action on behalf of himself and similarly situated consumers alleging misrepresentation of

---

[1] The facts set forth herein are taken from Plaintiff's Complaint. This Court accepts these facts as true solely for purposes of this motion.

the efficacy of Defendant's product, Lipo-Flavonoid Plus. (Compl. ¶¶ 1, 30.) Lipo-Flavonoid Plus is a dietary supplement that is "guaranteed to relieve tinnitus, dizziness, ear aches, ear infection, and related symptoms." (Compl., at Overview.)  On January 2013, Plaintiff bought Lipo-Flavonoid Plus at a Walgreens in Bergen County, NJ after he "was exposed to and read, saw and/or heard Defendant's advertising and marketing claims and promises with respect to Lipo-Flavonoid Plus...." (Compl., ¶1.) Plaintiff alleges that he used the product but was not satisfied with the results. (Compl., ¶1.)

Plaintiff claims that Defendant's marketing and advertisements for its product are misleading because "there exists no medically-accepted evidence supporting Defendant's claims and promises." (Compl., at Overview.) Accordingly, Plaintiff brought suit "to recover funds taken by Defendant as a consequence of its ongoing deception of consumers." (Compl., ¶13.)

On November 15, 2013, Plaintiff filed a nationwide class action Complaint against Defendant in the Superior Court of New Jersey, Bergen County, Law Division, alleging the following counts: (I–V) Violation of the New Jersey Consumer Fraud Act (CFA) based upon unconscionable commercial practice; deception; fraud; false pretense, false promise and/or misrepresentation; knowing concealment, suppression and/or omission of material facts with the intent that others rely upon such concealment, suppression and/or omission, in connection with the sale or advertisement of any merchandise; (VI) common law fraud; and, (VII) unjust enrichment. (Docket #1; Compl.¶¶ 36–62.) Defendant removed this matter to this Court on December 16, 2013, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). (Docket #1.) On April 1, 2014, Defendant filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Docket #16.)

## II.    LEGAL STANDARD

2

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under Rule 12(c), a court must view the facts in the pleadings and any inferences drawn therefrom in the light most favorable to the nonmoving party, and the motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law." *Perez v. Griffin*, 304 Fed. Appx. 72, 74 (3d Cir.2008) (*citing Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir.2004)). A court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences or unsupported conclusions in its Rule 12(c) review. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

Where the moving party asserts that the complaint fails to state a claim upon which relief may be granted, the court applies the same standards as those applied in a Rule 12(b)(6) motion to its review of a motion for judgment on the pleadings filed pursuant to Rule 12(c). *See Turbe v. Government of Virgin Islands*, 938 F.3d 427, 428 (3d Cir.1991). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Evancho v.*

3

*Fisher*, 423 F.3d 347, 350 (3d Cir.2005) ("[A] Court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud, independent of the standard applicable to a Rule 12(b)(6) motion. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ .P. 9(b). This heightened pleading requirement is designed "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Thus, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story" whenever alleging a claim of fraud. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999). The Third Circuit has further noted that "[a]lthough Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 576 (D.N.J. 2001)).

## III.   DISCUSSION

### A. Plaintiff Fails to State a Claim Under the New Jersey Consumer Fraud Act

Counts One through Five of Plaintiff's Complaint allege that Defendant violated the New Jersey Consumer Fraud Act ("CFA" or "the Act") because Defendant's advertisement and marketing deceived Plaintiff into purchasing Defendant's product, Lipo-Flavonoid Plus.

4

To state a claim under the CFA, a plaintiff must plead sufficient facts to raise the plausible inference that there was: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Shelton v. Rest..com, Inc.*, 543 F. App'x 168, 170 (3d Cir. 2013) (quoting *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 547 (2009)). Claims under the CFA, however, "cannot be premised on a prior substantiation theory of liability," *Franulovic v. Coca Cola Co.*, 390 F. App'x 125, 128 (3d Cir. 2010), which is a cause of action in which a plaintiff claims that a product sold by a defendant cannot produce the advertised effect, *see Scheuerman v. Nestle Healthcare Nutrition, Inc.*, No. 10-3684, 2012 WL 2916827, at *7 (D.N.J. July 17, 2012) (dismissing a CFA claim that was premised on the fact that "[d]efendants made... claims in advertisements without any support... based on competent and reliable scientific evidence and/or without any basis in fact for doing so[,]" because the CFA does not entitle plaintiffs to relief under a prior substantiation theory.).

In its brief in support of its motion for judgment on the pleadings, Defendant argued at length that all of Plaintiff's claims under the CFA (Counts I through V) are based on a prior substantiation theory of liability. (Defendant's Br. in Support of Motion for Judgment on the Pleadings, 6-10.) Plaintiff responded to this argument by stating in a footnote, without further explanation, that he "does not allege that Defendant's product claims lack 'substantiation.'" (Plaintiff's Br. in Response to Defendant's Motion for Judgment on the Pleadings ("Plaintiff's Br."), 1: fn 1.) This Court disagrees.

Upon careful review of Plaintiff's complaint, it is clear that his claims under the CFA are premised on a prior substantiation theory of liability. Importantly, Plaintiff never claims that he suffers from tinnitus, or a similar ear condition, and purchased the product in order to relieve his

symptoms. Instead, the basis of his complaint is that Defendant cannot scientifically substantiate that its product can help treat ear conditions. Plaintiff alleges in his complaint that "[t]here is no valid clinical research and/or reliable testing and/or medical science to support Defendant's claim that Lipo-Flavonoid Plus can deliver its promised (and guaranteed) benefits." (Compl., ¶9.) The Complaint goes on to explain that Plaintiff's medical experts can testify at trial that "no medically accepted evidence exists supporting the claims" that Lipo-Flavonoid Plus can help relieve the symptoms of various ear disorders, including tinnitus. (Compl., ¶8.) It also references a 50-year old study conducted by the "Audiology Center of Walter Reed Hospital" and unspecified statements allegedly made by the Mayo Clinic in support of the proposition that Lipo-Flavonoid Plus cannot produce the advertised effect. (Compl., ¶¶9-10.)

Plaintiff's reliance on a prior substantiation theory is confirmed by his Response to Defendant's motion for judgment on the pleadings:

> The Complaint alleges that Defendant advertised and sold a dietary supplement, in caplet form, called Lipo-Flavonoid Plus ("Lipo-Flavonoid") based on promises, claims and representations that it was guaranteed to relieve tinnitus, dizziness, ear aches, ear infection and related symptoms (Complaint, p. 2). In truth and in fact, and as confirmed by Plaintiff's medical experts who will testify at trial, Lipo-Flavonoid can deliver none of these benefits (Id.).

(Plaintiff's Br., 1.) Despite the fact that Plaintiff is careful not to use the word "substantiation" in his Complaint, the crux of his CFA claims is that the product sold by Defendant, Lipo-Flavonoid Plus, cannot produce the advertised effect. Though the Attorney General of New Jersey may bring such claims, they are not available as a private cause of action to consumers under the CFA. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 605 (3d Cir. 2012) (quoting *Meshinsky v. Nichols Yacht Sales, Inc.*, 110 N.J. 464, 472 (1988)) ("[W]hile the Attorney General does not have to prove that the victim was damaged by the unlawful conduct, a private plaintiff must

6

show that he or she suffered an ascertainable loss ... as a result of the unlawful conduct."). Because "prior substantiation" claims are not cognizable under the CFA, Counts I through V of Plaintiff's Complaint are not legally viable. Therefore, they are dismissed with prejudice.

B.  Plaintiff Fails to State a Claim for Common Law Fraud[2]

Plaintiff also failed to plead sufficient facts to state viable claims for fraud under New Jersey common law. To state a claim for common law fraud, a Plaintiff must plead sufficient facts that raise a plausible inference that: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting in damages." *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, No. 10-4429, 2012 U.S. Dist. LEXIS 62045, at *53-54 (D.N.J. May 3, 2012) (Linares, J.) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). A plaintiff must plead a common law fraud claim with particularity pursuant to Rule 9(b). *Id.*

Here, Plaintiff's common law fraud claim is based on his allegation that:

> Defendant, in the advertisement, marketing and sale of Lipo-Flavonoid Plus, deliberately engaged in deception, false pretense, false promise and/or misrepresentation with respect to material facts, and did so with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.

(Compl., ¶52) Plaintiff's allegation is merely a recitation of the elements of common law fraud. As such, it is insufficient to raise Plaintiff's right to relief above the speculative level. Though Plaintiff repeatedly alleges that Defendant deceived him through its advertisement for Lipo-Flavonoid Plus, he fails to identify with specificity the nature of the misrepresentations, when

---

[2] Though Plaintiff is an experienced attorney who is serving as his own counsel, he has failed to respond to any of Defendant's legal arguments regarding dismissal of his common law fraud claim. As such, insofar as Defendant has moved to dismiss Count VI, this Court deems Defendant's motion as unopposed. This Court, however, has considered the merits of Plaintiff's claim in deciding this issue.

they were made, which representations he relied on, how he reasonably relied on them, that he purchased the product as a result of these particular representations, and how that reliance caused him any detriment.

Because Plaintiff's threadbare claim that he relied on the misrepresentation simply parrots the element of the cause of action and the Complaint lacks specific details about the nature of Defendant's alleged misrepresentations, Count VI is dismissed without prejudice.

C. Plaintiff Fails to State a Claim for Unjust Enrichment[3]

Finally, Plaintiff fails to plead a viable claim for unjust enrichment. "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust...." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)). Moreover, Plaintiff must allege that he "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.* Defendant argues that Plaintiff cannot sustain an unjust enrichment claim because he has failed to allege a direct relationship between himself and Defendant. This Court agrees.

"It has been observed that quasicontract claims involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." *Premier Pork L.L.C.*, No. 07-1661, 2008 WL 724352, at *14. *See also Union Trust Co. of Md. v. Wakefern Food Corp.*, No. 86-728, 1989 WL 120756, at *21 (D.N.J. Sept.8, 1989) (denying unjust enrichment recovery due to absence of "a relationship or course of dealings between parties"); *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, (App. Div. 1966) (denying recovery

---

[3] Though Plaintiff is an experienced attorney who is serving as his own counsel, he has failed to respond to any of Defendant's legal arguments regarding dismissal of his unjust enrichment claim. As such, insofar as Defendant has moved to dismiss Count VII, this Court deems Defendant's motion as unopposed. This Court, however, has considered the merits of Plaintiff's claim in deciding this issue.

absent direct commercial relationship). Here, although Plaintiff alleges that Defendant was unjustly enriched through his purchase of Lipo-Flavonoid Plus, Plaintiff has not alleged any facts suggesting that he had any direct relationship with Defendant, or that he conferred a direct benefit upon Defendant by purchasing its product. (Compl., ¶1.) Accordingly, Plaintiff's unjust enrichment claim is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion for judgement on the pleadings [CM/ECF No. 16] is granted.   Counts One, Two, Three, Four, and Five are dismissed *with* prejudice. Counts Six and Seven are dismissed *without* prejudice. Plaintiff may file an Amended Complaint consistent with this Opinion within **30 days** of the date of entry of the accompanying Order. Plaintiff's failure to file an Amended Complaint within the aforesaid deadline will result in dismissal of Plaintiff's remaining claims with prejudice.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: May 21, 2014

9